LAW LIBRARY

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

NO. 29753

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
DANIEL WATANABE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-1-0374(2))

SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Defendant-Appellant Daniel Watanabe (Watanabe) appeals from the March 19, 2009 judgment of conviction of the Circuit Court of the Second Circuit[1] (circuit court), which found him guilty of Prohibited Acts Related to Drug Paraphernalia in violation of Hawaii Revised Statutes (HRS) § 329-43.5 (1993).

Watanabe argues that circuit court erred by (1) instructing the jury, which had told the court that it could not reach a unanimous decision, to "return tomorrow morning and continuing [sic] to deliberate with a view toward reaching a verdict on all counts;" and (2) not correcting "inconsistent" verdicts that convicted Watanabe of the paraphernalia charge while acquitting him of drug promotion charges, under HRS §§ 712-1243(1) and -1249 (1993 and Supp. 2009).

Upon careful review of the record and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Watanabe's points of error as follows:

1. The supplemental instruction given to jurors to continue deliberations "with a view toward reaching a verdict on all counts" was not an Allen charge[2] as prohibited by State v.

---

[1] The Honorable Shackley F. Raffetto presided.

[2] The Allen charge draws its name from Allen v. United States, 164 U.S. 492 (1896), in which the U.S. Supreme Court approved a jury instruction that exhorted dissenting jurors to reconsider their opinion in light of the majority's.

Fajardo, 67 Haw. 593, 600-01, 699 P.2d 20, 24-25 (1985) and State v. Villeza, 72 Haw. 327, 335-36, 817 P.2d 1054, 1058-59 (1991).

The instruction neither facially nor impliedly pressured dissenting jurors to accede to the majority's opinion. Fajardo, 67 Haw. at 600, 699 P.2d at 25. It did not inappropriately introduce outside concerns, such as the length of deliberations or the possibility of mistrial, which might affect deliberations. Id., Villeza, 72 Haw. at 335, 817 P.2d at 1058.

Furthermore, there was no "blasting" effect from the instruction given. Cf. Fajardo, 67 Haw. at 601, 699 P.2d at 25 (jurors returned verdict one hour after faulty instruction despite deliberating for four days). The supplemental instruction was given after jurors had deliberated less than four hours, and after receiving it, jurors deliberated for three more hours before reaching the verdicts. Appellant has not demonstrated that the instruction given created a "coercive environment incapable of supporting a meaningful verdict based solely upon the jury's consideration of the evidence." State v. Gonsalves, 108 Hawai'i 289, 294-95, 119 P.3d 597, 602-03 (2005) (quoting Villeza, 72 Haw. at 335, 817 P.2d at 1058) (internal quotation marks omitted).

Accordingly, Watanabe has failed to meet his burden to prove that the jury instruction was erroneous, so we need not address whether the instruction was harmless beyond a reasonable doubt. See State v. Nichols, 111 Hawai'i 327, 337, 141 P.3d 974, 984 (2006).

2. We conclude that Watanabe's points of error based on allegedly "inconsistent" verdicts are without merit. Watanabe premised his arguments on his assumption that the jury concluded that he possessed a glass pipe containing crystal methamphetamine. Watanabe's logic fails because HRS § 329-43.5 prohibits paraphernalia use, as well as possession. Contrary to his assertion, sufficient evidence established that Watanabe used the pipe or was an accomplice to his co-defendant's use of the pipe. Two witnesses testified that Watanabe lit the pipe for his

2

co-defendant, and the co-defendant testified that Watanabe took "hits" himself. "The testimony of a single witness, if found credible by the trier of fact, may constitute substantial evidence to support a conviction." State v. Montgomery, 103 Hawai'i 373, 381, 82 P.3d 818, 826 (App. 2003). From additional testimony regarding the search of the car where the drugs were found, the jury may have concluded that there was reasonable doubt that Watanabe possessed the drugs. Accordingly, the jury's verdicts for conviction and acquittal could be reconciled.

Therefore, the March 19, 2009 judgment of conviction of the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, March 30, 2010.

On the briefs:

Benjamin E. Lowenthal,
for Defendant-Appellant.

Pamela Lundquist,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge